UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 JUL 27 PM 3:25

CLERK

BY _____
DEPUTY CLERK

SAFETYCAPS, INC.
    Plaintiff

v.

TEE-ZED PRODUCTS PTY LIMITED &
TEE-ZED PRODUCTS, LLC,
    Defendants.

Case No.: 2:16-cv-213

# COMPLAINT

SafetyCaps, Inc. ("Plaintiff") hereby files this complaint against Tee-Zed Products Pty. Limited ("Tee-Zed Limited") and Tee-Zed Products, LLC ("Tee-Zed LLC") (collectively "Defendants"), and allege the following:

1. Defendants sell and offer for sale certain child safety products that infringe U.S. Patent No. 7,070,426 ("the '426 Patent"). Plaintiff seeks to enjoin Defendants from any further infringing activities and to recover damages as a result of the same.

## THE PARTIES

2. Plaintiff SafetyCaps, Inc. is an entity formed under the laws of the State of Vermont, having a principle place of business in Fairfax, Vermont.

3. Plaintiff is, among other things, in the business of manufacturing and selling electrical safety caps in the United States.

4. Defendant Tee-Zed Limited is an Australian Corporation with a principal place of business in New South Wales, Australia.

5. Defendant Tee-Zed LLC is a Delaware Limited Liability Corporation with a principal place of business in Greensboro, North Carolina.

6. Defendants, on their own and through their subsidiaries, are in the business of importing into the United States, and offering for sale and selling to consumers in the United States, child safety products including electrical outlet plugs ("Infringing Products") under various trademarks, trade names, and/or business names including DREAMBABY® and DREAMBABY GROWING SAFELY®.

## JURISDICTION & VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Defendants have placed the Infringing Products into the stream of commerce by shipping such products into this judicial district and/or by knowing that such products would be shipped into this judicial district. Defendants' distribution network distributes the Infringing Products directly and/or indirectly to customers located in this district.

9. This court has personal jurisdiction over Defendants by virtue of Defendants' past and present patent infringement in this judicial district.

10. Defendants have imported, and continue to import, the Infringing Products into the United States, have offered and continue to offer the Infringing Products for sale in this district, have transacted and continue to transact business in this district directly related to its patent infringement, have supplied and continue to supply the Infringing Products to others in this district, have caused and continue to cause injury and damages in this district by acts and omissions in this district, have committed and/or induced and continue to commit and/or induce acts of patent infringement in this district, and/or have placed the Infringing Products into the stream of commerce with expectation that such products will be purchased by residents of this district ("Infringing Conduct").

11. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b), at least because Defendants are subject to personal jurisdiction in this judicial district and have committed acts of infringement including the Infringing Conduct in this judicial district.

## BACKGROUND

12. In 2001, the daughter of George R. DeCell and Estelle R. DeCell (the "DeCells") placed a standard outlet safety plug in her mouth, causing her to choke. The DeCells set out after this incident to develop certain improvements in outlet safety plugs to reduce choking hazards and to protect against electrical shock.

13. The DeCells are the named co-inventors on the '426 Patent, which issued July 4, 2006, from U.S. Patent Application Serial No. 10/850,748, filed on May 22, 2004, and entitled "ELECTRIC OUTLET CHILD SAFETY CAP," which claims priority to U.S. Provisional Serial No. 60/477,115, filed on June 9, 2003, and entitled "ANTI-CHOKING ELECTRICAL CAP/PLUG". A copy of the '426 Patent is attached as **Exhibit A**.

14. The DeCells are and have been the principals of Plaintiff since Plaintiff's date of incorporation in or around February 2005.

15. At least as early as July 2005, Plaintiff sold and continues to sell products covered by the '426 Patent ("Safety Caps"). An example of Plaintiff's Safety Caps is attached as **Exhibit B**.

16. Defendants have and continue to operate commercial websites including at www.tee-zedshop.com and www.dream-baby.com, through which Defendants have offered to sell and have consummated sales of the Infringing Products in the United States at least as early as April 25, 2013. Examples of these offers to sell are attached as **Exhibit C**.

17. Defendants have and continue to offer for sale and to consummate sales of Infringing Products in the United States through third parties, including, but not limited to, Amazon.com®, The Bon-Ton®, Diapers.com ®, Hayneedle.com, The Home Depot®, Influenster.com, JustKidsStore.com, Kohl's®, Lowe's®, Menards®, Sam's Club®, Sears®, Target®, ToysRUs®, Walgreens®, and Wal-mart®.  Examples of these offers to sell are attached as **Exhibit D**.

18. On or about August 19, 2015, Plaintiff sent correspondence to Defendants, through the undersigned counsel, demanding that Defendants cease and desist their Infringing Conduct.

19. Defendants, despite confirming their receipt of these demands, have failed to remedy the Infringing Conduct and have willfully continued the Infringing Conduct and/or infringement of the '426 Patent, despite repeated and actual notice of their unlawful actions.

## CAUSE OF ACTION

### Count One:  Infringement of the '426 Patent

20. Plaintiff incorporates the allegations set forth in Paragraphs 1-19 as if fully set forth herein.

21. The '426 Patent is valid, enforceable, and remains in full force and effect.

22. On July 14, 2016, the DeCells assigned all of their rights, title, and interest in and to the '426 patent to SafetyCaps, Inc.  This assignment was duly recorded with the U.S. Patent and Trademark Office on July 15, 2016.

23. Plaintiff continues to be the owner of all right, title, and interest in the '426 Patent on the date of this Complaint.

24.     Defendants had actual notice of the '426 Patent as a result of markings on Plaintiff's Safety Caps, by the fact that it has been previously placed on notice of Plaintiff's infringement claims, and through industry-related publications that discuss Plaintiff's Safety Caps.

25.     Defendants, with full knowledge of the existence of the '426 Patent, have infringed and continue to infringe and/or have induced and continue to induce others to infringe at least claims 1, 17, 24, and 58 of the '426 Patent in violation of 35 U.S.C. § 271, by making, selling, offering to sell, selling in the United States, and/or importing into the United States, the Infringing Products, which have no substantial non-infringing uses outside of use as electrical outlet safety plugs, and any and all collateral child safety products that include the Infringing Products as packed therewith ("Collateral Products"). Defendants will continue to commit such unlawful acts unless enjoined by this Court.

26.     More specifically, Defendants' Infringing Products contain and exhibit features that read on each and every element of the claims 1, 17, 24, and 58 of the '426 Patent. **Exhibit E.**

27.     Defendants have unlawfully profited from sales of the Infringing Products and the Collateral Products. Plaintiff has sustained damages and will continue to sustain damages as a result of Defendants' acts of infringement. Plaintiff is entitled to recover from Defendants the damages adequate to compensate Plaintiff for Defendants' unlawful acts.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a jury trial on all issues properly triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and relief as follows:

A. That Defendants and any agents, officers, directors, employees and all persons acting in concert with them directly or indirectly, contributory and/or by inducement, have infringed the '426 Patent;

B. That Defendants and any agents, officers, directors, employees and all persons acting in concert with them directly or indirectly, be preliminarily and permanently enjoined pursuant to 35 U.S.C. § 283, from directly or indirectly infringing, in any manner, any of the claims of the '426 Patent;

C. That Defendants be found to have willfully infringed the '426 Patent.

D. That Defendants be ordered to provide an accounting for all profits and damages arising out of Defendant's infringement of the '426 Patent;

E. That Plaintiff receives compensatory damages adequate to compensate for Defendants' infringement of the '426 Patent under 35 U.S.C. § 284 including Defendants' total profits, together with pre-judgment and post-judgment interests, costs bringing this action, pursuant to all applicable law, including at least 35 U.S.C. § 284 and Rule 54(d) of the Federal Rules of Civil Procedure, and all other damages permitted, in no event less than a reasonable royalty, and that the profits and damages be trebeled as a result of Defendants' willful and deliberate infringement of the '426 Patent;

F.     That this case is exceptional and award Plaintiffs their expenses and attorneys fees in accordance with at least 35 U.S.C. §§ 284 and 285; and

G.     Such other and further relief as the Court deems just and proper.

DATED at Burlington, Vermont, this 27th day of July, 2016

SAFETYCAPS, INC.

BY:   PAUL FRANK + COLLINS P.C.

BY:   _____
       David M. Pocius, Esq.

       and

BY:   _____
       Michael J. Wasco, Esq.
       PO Box 1307
       Burlington, VT 05402-1307
       802.658.2311
       dpocius@pfclaw.com
       mwasco@pfclaw.com

6728987_6:91113-00001

7